# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES R. TEASTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-CV-257-TCK-PJC ) |
| CITY OF GLENPOOL, OKLAHOMA; ANN HOLDER; DALE SCHROEDER, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On April 28, 2011, Plaintiff, appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). The complaint reflects that Plaintiff is a prisoner presently confined at the Maryville Treatment Center, a facility operated by the Missouri Department of Corrections. By Order filed May 4, 2011 (Dkt. # 3), the Court granted Plaintiff's motion to proceed *in forma pauperis*, directed payment of an initial partial filing fee of $21.25, and directed Plaintiff to file an amended complaint to cure deficiencies. On May 26, 2011, Plaintiff filed his amended complaint (Dkt. # 5) along with a motion for appointment of counsel (Dkt. # 6). For the reasons discussed below, the Court finds Plaintiff's amended complaint shall be dismissed for failure to state a claim upon which relief may be granted. The motion for appointment of counsel shall be declared moot.

**A. Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for dismissals under 28 U.S.C. §

1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

**B. Plaintiff's claims**

In his amended complaint (Dkt. # 5), Plaintiff describes the nature of his case as follows:

> The court filed a DWI conviction under the plaintiff's name, with the DOS Oklahoma, from a guilty plea in court with the plaintiff's name crossed out, and signed by another person.

(Dkt. # 5). He identifies three (3) claims: (1) deprivation of Fourteenth Amendment due process rights, (2) deprivation of notice of charges and confrontation of witnesses under the Sixth Amendment, and (3) deprivation of Sixth Amendment right to counsel. Id. He identifies three (3) defendants: the City of Glenpool, Oklahoma, Police Officer Dale Schroeder, and Deputy Clerk of Court Ann Holder.

In support of his claims, see Dkt. # 5, Plaintiff alleges that on May 24, 1984, his brother, Donald W. Teaster, was stopped by Officer Schroeder and issued multiple citations, including a citation for DWI. However, Donald Teaster used his brother's name, James R. Teaster, rather than his own, and, as a result, the citations were issued in Plaintiff's name. Plaintiff further alleges that on May 31, 1984, while making a court appearance, his brother admitted he had given the wrong name and the court directed the Deputy Clerk of Court, Ann Holder, to correct the record by crossing out "James R." and writing "Donald W." above the crossed out name. Id. That same day, Donald W. Teaster pleaded guilty to the charges. Id. Despite the municipal court's effort to correct the record, Plaintiff claims that the convictions were filed with the Oklahoma Department of Public Safety under the name of "James R. Teaster." Id. Plaintiff asserts that because of defendants'

3

"negligence," the Oklahoma DWI conviction was used to enhance his current sentence entered by the State of Missouri. Id. In his request for relief, Plaintiff asks for "the amount of 500,000.00." Id.

### 1. Claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994)

Plaintiff alleges that a DWI conviction was entered against him in violation of his constitutional rights to due process, to notice of the charges against him, to confront witnesses, and to representation by an attorney. Based on those allegations, the Court finds that entry of judgment in favor of Plaintiff in this § 1983 action would necessarily imply the invalidity of the conviction. Plaintiff claims that an attorney for the Oklahoma Department of Public Safety is "in the process of clearing my name off the DWI as well." See Dkt. # 5. However, as of today's date, the conviction has not been set aside on administrative review or by a state court or by a federal court on habeas corpus review. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (holding that "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated"). Because the DWI conviction has not been corrected, invalidated, or set aside, then Plaintiff's claims under 42 U.S.C. § 1983 have not yet accrued and his complaint fails to state a claim upon which relief may be granted. For that reason, the complaint shall be dismissed without prejudice based on Heck for failure to state a claim upon which relief may be granted.

### 2. Negligence does not give rise to a constitutional violation

As the Court noted in its prior Order, see Dkt. # 3, Plaintiff's allegations suggest that the DWI conviction results from clerical error rather than from violations of his constitutional rights. In his amended complaint, Plaintiff complains that the entry of the DWI conviction resulted from

4

"negligence." It is well settled that a mere lack of due care on the part of an official does not rise to the level of a constitutional violation. Daniels v. Williams, 474 U.S. 327, 330-33 (1986) (holding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property" (emphasis in original)). Nothing in the amended complaint suggests that the conduct complained of amounted to anything more than clerical error. Even if Plaintiff is successful in his effort to set aside the conviction, the conduct described in the amended complaint simply does not rise to the level of a constitutional violation.

### 3. No municipality liability

The amended complaint also fails to state a claim against Defendant City of Glenpool. Plaintiff claims that "[t]he city is liable for [employees'] actions while they represent the city as their job duties." See Dkt. # 5. However, municipalities are not vicariously liable for the misconduct of their employees. Municipal liability may be imposed under § 1983 only if the municipality itself is responsible for the constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385 (1989). As relevant here, a municipality may be responsible for a constitutional violation when: (1) individuals with final decision-making authority for the municipality create an unconstitutional policy or practice, or (2) the municipality's failure to train its employees reflects a deliberate indifference to constitutionally protected rights. See id. at 389. In either case, the municipality must be the "moving force behind the constitutional violation." Id. (alterations omitted).

Nothing in the amended complaint suggests that the entry of a DWI conviction in Plaintiff's name resulted from an unconstitutional policy or practice of the City of Glenpool, or that there was a failure to train reflecting deliberate indifference to constitutionally protected rights. As discussed above, the DWI conviction resulted from a clerical error. Therefore, even if Plaintiff is successful

5

in his effort to set aside the conviction, the amended complaint fails to state a claim for municipality liability.

C. **First "prior occasion"**

This dismissal shall count as Plaintiff's first "prior occasion" under 28 U.S.C. § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

*CONCLUSION*

For the reasons cited above, this 42 U.S.C. § 1983 action shall be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The amended complaint (Dkt. # 5) fails to state a claim upon which relief may be granted.
2. This action is **dismissed without prejudice** for failure to state a claim.
3. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).
4. Plaintiff's motion for appointment of counsel (Dkt. # 6) is **declared moot**.

DATED THIS 7th day of June, 2011.

**TERENCE KERN**
**United States District Judge**